An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1075

Filed 5 August 2026

Guilford County, No. 14CVD010126-400

JOSHUA RYAN, Plaintiff,

v.

ANGELA RYAN, Defendant.

Appeal by Defendant from Order entered 27 December 2024 by Judge Kelvin Smith in Guilford County District Court. Heard in the Court of Appeals 21 April 2026.

*No brief filed for Plaintiff-Appellee.*

*Parent Defender Annick Lenoir-Peek, by Assistant Parent Defender Jacky L. Brammer, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Angela Ryan (Defendant) appeals from an Order finding her in civil contempt. The Record before us tends to reflect the following:

Defendant and Joshua Ryan (Plaintiff) were married and later divorced. The parties share two minor children. On 25 June 2015, the parties entered into a

parenting agreement by which they shared joint legal and physical custody of the minor children.

Over time, the relationship between Plaintiff and Defendant deteriorated. On 8 November 2022, in response to motions filed by the parties, the trial court entered an order granting sole legal and physical custody of the minor children to Plaintiff (the Custody Order). The trial court also ordered Defendant to pay Plaintiff's attorney fees and fees owed to the children's Guardian ad litem.[1] Defendant appealed that order.

On appeal, this Court upheld the trial court's custody determination but vacated the attorney fee and Guardian ad litem fee awards.[2] The Court held the trial court had failed to make adequate findings to support the fee awards. On remand, the trial court again ordered Defendant to pay Plaintiff's attorney fees and Guardian ad litem fees (the Attorney Fees Order).

On 21 August 2024, Plaintiff filed a contempt motion, alleging Defendant had violated the terms of the Custody Order and failed to make the payments ordered in the Attorney Fees Order. On 26 September 2024, the trial court entered an order requiring Defendant to show cause for failing to comply with the Custody Order and the Attorney Fees Order.

---

[1] A Guardian ad litem was appointed for the children in December 2021.

[2] *See Ryan v. Ryan*, 291 N.C. App. 403, 894 S.E.2d 288, 2023 WL 8070855 (unpublished), *temporary stay denied, writ of supersedeas denied, and disc. review denied*, _ N.C. _, 914 S.E.2d 663 (2025).

The matter came on for hearing on 17 December 2024. At the outset of the hearing, Defendant moved to replace her appointed counsel. Counsel for Plaintiff objected, asserting Defendant had retained at least seven attorneys in the last three years. After speaking with her attorney, Defendant ultimately decided she wanted to keep him as counsel and the hearing moved forward on the merits.

At the time of the contempt hearing, Defendant owed $9,340.00 in fees: $6,010.00 to Plaintiff's attorneys and $3,330.00 to the children's Guardian ad litem. During the hearing, Defendant, through her counsel, stipulated to "her inability to pay the current amount" and "the failure to make the monthly payment toward attorneys fees":

> [Counsel for Defendant]: Your Honor, I'd like to inform the Court that my client has authorized me to stipulate to civil contempt as to her inability to pay the current amount, and to be able to request that she be allowed to purge herself by making payments in light of her ability to pay currently. But she's authorized me to stipulate to civil contempt as to the failure to make the monthly payments toward attorneys fees.

Defense counsel also told the trial court Defendant made $15.00 per hour. Defendant told the trial court she owned a Lexus vehicle which had been paid off. No other evidence, including evidence of Defendant's additional assets or expenses, was presented at the hearing.

On 27 December 2024, the trial court entered an Order concluding Defendant was in civil contempt (the Civil Contempt Order). In the Civil Contempt Order, the trial court found Defendant stipulated to "willfully and without legal justification

fail[ing] to abide by the terms of the October 18, 2022 Order"[3] and "Defendant has willfully and without legal justification failed to abide by the terms of the [Attorney Fees Order]." The trial court ordered Defendant to serve thirty days incarcerated unless she paid $6,500.00 by 20 December 2024. The trial court further ordered if Defendant failed to make a minimum payment of $6,500.00 by 20 December 2024, Defendant must make full payment of $9,340.00 that same day.

Defendant timely filed pro se written Notice of Appeal on 13 January 2025. Plaintiff subsequently filed a motion to dismiss Defendant's appeal. On 9 July 2025, the trial court dismissed Defendant's appeal.

On 23 July 2025, Defendant, now represented by appellate counsel, filed a petition for a writ of certiorari, a petition for a writ of supersedeas, and an application for a temporary stay with this Court. On 26 August 2025, this Court reinstated Defendant's appeal of the Civil Contempt Order.

## Issues

The issues on appeal are whether the trial court erred by: (I) concluding Defendant was in civil contempt of the Attorney Fees Order and (II) entering its purge conditions.

## Analysis

---

[3] This is presumably a scrivener's error, as there is no evidence of an order either dated or entered on 18 October 2022. Based on the other Findings in the Civil Contempt Order, the trial court appears to have intended to refer to the Custody Order—dated 2 November 2022 and entered 8 November 2022.

I.    Civil Contempt

"We review a trial court's determination of civil contempt to determine 'whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law.'" *Deanes v. Deanes*, 269 N.C. App. 151, 162, 837 S.E.2d 404, 412 (2020) (quoting *Watson v. Watson*, 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007)).

At the conclusion of a civil contempt hearing, "the judicial official *must* enter a finding for or against the alleged contemnor on each of the elements set out in G.S. 5A-21(a)." N.C. Gen. Stat. § 5A-23(e) (2025) (emphasis added). Those elements are whether:

> (1) The order remains in force;
>
> (2) The purpose of the order may still be served by compliance with the order;
>
> (2a) The noncompliance by the person to whom the order is directed is willful; and
>
> (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

*Id.* § 5A-21(a). "When the trial court fails to make sufficient findings of fact and conclusions of law in its contempt order, reversal is proper." *Thompson v. Thompson*, 223 N.C. App. 515, 518, 735 S.E.2d 214, 216 (2012) (citing *Bishop v. Bishop*, 90 N.C. App. 499, 506-07, 369 S.E.2d 106, 110 (1988)).

Here, Defendant challenges the trial court's Findings she willfully failed to comply with the Attorney Fees Order. "Our caselaw consistently defines 'willfulness' as '(1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so.'" *Collins v. Holley*, 299 N.C. App. 323, 328, 919 S.E.2d 24, 30 (2025) (quoting *Sowers v. Toliver*, 150 N.C. App. 114, 118, 562 S.E.2d 593, 596 (2002)).

"Thus, to establish willfulness, [Plaintiff] had to show [Defendant] had the ability to comply with" the Attorney Fees Order. *Id.* At the contempt hearing in the instant case, Defendant stipulated she was unable to comply with the terms of the Attorney Fees Order:

> [Counsel for Defendant]: Your Honor, I'd like to inform the Court that my client has authorized me to *stipulate to civil contempt as to her inability to pay the current amount*, and to be able to request that she be allowed to purge herself by making payments in light of her ability to pay currently. But she's authorized me to *stipulate to civil contempt as to the failure to make the monthly payments toward attorneys fees*.

(emphasis added).

Based on this evidence, the trial court found:

> 10. At the outset of the hearing, Defendant, by and through court appointed counsel, entered a stipulation that she willfully and without legal justification failed to abide by the terms of the October 18, 2022 Order.
>
> . . . .
>
> 18. Defendant has willfully and without legal justification failed to abide by the terms of the [Attorney Fees Order].

However, it is clear from the Transcript that Defendant stipulated only to her failure to comply with the terms of the Attorney Fees Order[4]—not to doing so willfully. In fact, Defendant stipulated she was *unable* to pay the ordered amounts, which is incompatible with a stipulation to willfulness. *Id.* (explaining there must be an ability to comply for contempt to be willful). Thus, this Finding is not supported by the evidence. As such, we must disregard this Finding in our review of the trial court's Conclusions. *In re A.J.*, 386 N.C. 409, 410, 904 S.E.2d 707, 710 (2024) ("[W]hen an appellate court determines that a finding of fact is not supported by sufficient evidence, the court must disregard that finding and examine whether the remaining findings support the trial court's conclusions of law." (citation omitted)).

Further, the trial court's additional Findings as to Defendant's ability to pay are not supported by competent evidence:

> 14. Since filing the Motion to Modify Custody in July 2021, Defendant mother has privately retained [six different attorneys]. . . . Attorney Lee Corum is the first court-appointed counsel in this matter for Defendant.
>
> 15. Defendant owns a Lexus that she purchased in 2020 or 2021 which is paid in full with a value of approximately $42,000.00. Defendant has not attempted to sell or obtain a loan on the vehicle to satisfy her debts, despite her attorney's advice to do so and a continuance for that purpose from the November 18, 2024 hearing date.

---

[4] Defendant's stipulation had to be related to her failure to comply with the payments ordered in the Attorney Fees Order, not the "October 18, 2022 Order" or the Custody Order, as the fee awards in the Custody Order were vacated on appeal.

16. Defendant is employed and earns approximately $1,500-$2,000 per month. Defendant does not have any minor children or other household members to support.

17. Defendant has the ability to pay at least some of the Attorney Fees and Guardian ad Litem fees as required in the [Attorney Fees Order].

The "evidence" in support of the above Findings appears to have come mostly

from statements made by counsel:

> [Trial Court]: [T]hese attorneys have both said over the last ten years you've had eight to ten attorneys, so I've got to understand: Is it the [attorneys] ma'am or is it you?
>
> [Defendant]: No, I –
>
> [Trial Court]: Now let me speak. Thank you so much for not talking over me.
>
> . . . .
>
> [Counsel for Plaintiff]: . . . Mr. Corum is [Defendant's] first appointed attorney. There were seven privately retained attorneys prior to that . . . .
>
> . . . .
>
> [Counsel for Defendant]: Your Honor, again, I'd like to offer – my client would like to offer that she's under an order to make about $1100 a month payments. She's under financial stress. She's only making $15 an hour. That's more than 50 percent of what she earns. . . .
>
> . . . .
>
> [Counsel for Defendant]: Your Honor, she reports to me that she is applying for a second job. And I've talked with her about trying to get a loan in order to catch up on her arrears.

[Trial Court]: Does she have any children at home?

[Counsel for Defendant]: No, Your Honor.

. . . .

[Counsel for Defendant]: Your Honor, again, she's only earning $15 an hour. So her ability to pay –

[Trial Court]: What assets does she have? Does she own a car? Does she own a home? She got any dogs, cats?

[Counsel for Plaintiff]: Your Honor, there was a Lexus she got in 2022 in the middle of this proceeding.

[Trial Court]: Oh, she pays for a Lexus? How does she – Does she have a car payment for the Lexus or somebody gave it to her? Ask her.

[Counsel for Defendant]: Your Honor, my understanding is that was paid for from other funds.

[Defendant]: It was purchased in 2020, Your Honor.

[Trial Court]: How much is your car payment?

[Defendant]: I don't have a car payment, Your Honor.

It is well-established the statements of counsel are not considered evidence. *In re J.A.S.F.*, 299 N.C. App. 12, 18, 917 S.E.2d 305, 310 (2025) ("[T]his Court has clearly articulated that counsel's statements 'are not considered evidence.' " (quoting *In re J.T.*, 252 N.C. App. 19, 21, 796 S.E.2d 534, 536 (2017))). Accordingly, we must disregard the trial court's Findings as to how many attorneys Defendant had

retained,[5] her monthly income and dependents, and her ability to comply with the Attorney Fees Order. *In re A.J.*, 386 N.C. at 410, 904 S.E.2d at 710 (citation omitted).

The one exception is the Finding regarding Defendant's ownership of a Lexus—the evidence of which came directly from Defendant. However, to the extent Defendant's testimony supports this Finding, it alone is insufficient to support the trial court's Conclusion that Defendant "willfully and without legal justification or excuse" failed to comply with the Attorney Fees Order.

"Our Supreme Court has indicated . . . the court below should take an inventory of the property of the plaintiff; find what are his assets and liabilities and his ability to pay and work—an inventory of his financial condition—so that there will be convincing evidence that the failure to pay is deliberate and willful." *Bennett v. Bennett*, 21 N.C. App. 390, 394, 204 S.E.2d 554, 556 (1974) (citations and quotation marks omitted). Here, the trial court's "inventory" of Defendant's financial condition was cursory and incomplete. At most, the Findings show Defendant owned a Lexus; there are no other competent Findings showing Defendant was able to comply with the Attorney Fees Order. Nor does our review of the Record show any such evidence. Thus, there was no basis upon which to conclude Defendant had the ability to comply with the Order. Therefore, the trial court's Findings of Fact are insufficient to support its Conclusion that Defendant was in contempt of the Attorney Fees Order.

---

[5] In fact, Defendant appeared to deny having retained this many attorneys but was stopped by the trial court.

Further, although perhaps Defendant could have obtained a loan to satisfy the fee awards, *see Watson*, 187 N.C. App. at 66, 652 S.E.2d at 318 ("Ability to comply has been interpreted as not only the present means to comply, but also the ability to take reasonable measures to comply." (citation omitted)), there was not sufficient evidence adduced at the hearing to show this is the case. The only discussion of Defendant's ability to obtain a loan was a statement made by her counsel that he had "talked with her about trying to get a loan in order to catch up on her arrears." As explained, this statement is not competent evidence, nor does it provide any actual information as to Defendant's *ability* to obtain a loan.

Additionally, the Civil Contempt Order does not include any Findings as to whether the Attorney Fees Order remained in force or whether Defendant's compliance would still serve the purpose of the Order. *See* N.C. Gen. Stat. § 5A-23(e) (explaining trial court must make findings on these elements). And, as explained, the trial court's Findings on Defendant's willfulness are insufficient to support its Conclusion Defendant was in contempt. Consequently, the trial court erred by holding Defendant in contempt. *See Thompson*, 223 N.C. App. at 519, 735 S.E.2d at 217 (reversing trial court's order where it "utterly failed to make findings regarding subsections (1) and (2) of § 5A-21(a)" and did not make findings on the defendant's present ability to comply).

II.    Purge Conditions

Defendant argues the trial court's purge conditions were improper because they did not give her an opportunity to be released from incarceration. This Court has held reversal of a trial court's contempt order is appropriate where the trial court holds a party in civil contempt with punitive purge conditions. *Bethea v. McDonald*, 70 N.C. App. 566, 570-71, 320 S.E.2d 690, 693 (1984) (reversing civil contempt order when trial court ordered defendant to a 30-day jail sentence but failed "to state what action she could take to secure her release").

The trial court set out the conditions Defendant must satisfy to purge herself of the contempt as follows:

> 2. Defendant is sentenced to thirty (30) days in the custody of the Guilford County Detention Center for her civil contempt. Defendant may purge herself of civil contempt by the following:
>
> a. Making a payment in the amount of $6,500.00 toward the attorney fees and guardian ad litem fees (cumulatively), with cleared funds by 12:00pm on Friday, December 20, 2024.
>
> b. If Defendant has not made said payment pursuant to 2(a) above by 12:00pm on Friday, December 20, 2024, or said funds are reversed or do not clear, Defendant shall pay the full sum owed: $6,010.00 to Spidell Family Law and $3,330.00 to Anne Littlejohn by 12:00pm on Friday, December 20, 2024.
>
> c. If Defendant does not make said payment, Defendant shall be taken into the custody of the Guilford County Detention Center for thirty (30) days, from December 20, 2024 until January 19, 2025 for punishment of civil contempt.

d. Defendant shall additionally pay the remaining past-due balance of the Attorney Fees and Guardian ad Litem fees in the amount of $2,084.00 to Spidell Family Law on or before January 7, 2025 at 5:00pm.

e. Defendant shall still be obligated to make the monthly payments toward the Attorney Fees and Guardian ad Litem fees pursuant to the [Attorney Fees Order] beginning January 1, 2025.

Thus, the trial court's purge conditions established unless Defendant failed to make a minimum payment of $6,500.00 within three days after the contempt hearing, Defendant would be incarcerated for thirty days.[6]

" 'The purpose of civil contempt is not to punish but to coerce the defendant to comply with a court order.' " *Wellons v. White*, 229 N.C. App. 164, 181, 748 S.E.2d 709, 722 (2013) (quoting *Cox v. Cox*, 133 N.C. App. 221, 226, 515 S.E.2d 61, 65 (1999),

---

[6] The Order also requires that, if Defendant failed to make the $6,500.00 payment by 12:00 p.m. on 20 December 2024, she would have to pay the full attorney fees amount of $9,310.00 by 12:00 p.m. that same day. "Given that the purpose of a purge condition is to compel compliance, it is illogical to conclude ordering [Defendant] to pay more money could coerce her to pay the amounts already ordered where she does not have the ability to pay the original amounts." *Collins*, 299 N.C. App. at 336, 919 S.E.2d at 35.

Moreover, "[a]n order cannot be modified or enforced or appealed before it is entered." *Spears v. Spears*, 245 N.C. App. 260, 286, 784 S.E.2d 485, 502 (2016) (citing *Carland v. Branch*, 164 N.C. App. 403, 405, 595 S.E.2d 742, 744 (2004), then citing *Watson v. Price*, 211 N.C. App. 369, 371, 712 S.E.2d 154, 155, *disc. review denied*, 365 N.C. 356, 718 S.E.2d 398 (2011), and then citing *In re Estate of Walker*, 113 N.C. App. 419, 420, 438 S.E.2d 426, 427 (1994)). Here, however, Defendant was ordered to make the required payments by 20 December 2024, but the trial court's Order was not entered— and thus not enforceable—until 27 December 2024. *See* N.C. Gen. Stat. § 1A-1, Rule 58 (2025) ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court[.]"); *Watson*, 211 N.C. App. at 370, 712 S.E.2d at 155 (holding Rule 58 applies to orders as well as judgments). "We fully understand the challenges faced by trial courts and counsel in getting written orders prepared, signed, and entered quickly, but particularly in the context of civil contempt, where the statute requires a written order and a person may be imprisoned for failure to comply, it is imperative that an order be entered before an obligor is held in contempt of that order." *Spears*, 245 N.C. App. at 287, 784 S.E.2d at 502 (citing N.C. Gen. Stat. § 5A-23(e) (2015)).

then citing *Bethea*, 70 N.C. App at 570, 320 S.E.2d at 693). "If the relief provided is a sentence of imprisonment, it is remedial if the defendant stands committed unless and until he performs the affirmative act required by the court's order, and is punitive if the sentence is limited to imprisonment for a definite period." *Bishop*, 90 N.C. App. at 504, 369 S.E.2d at 108-09 (quoting *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632, 108 S. Ct. 1423, 1429, 99 L. Ed. 2d 721, 731 (1988)).

In the case at bar, the trial court ordered if Defendant failed to make the ordered payments by the prescribed dates, Defendant would be incarcerated for thirty days. The Order did not provide any means by which Defendant could be released from jail should she fail to make the ordered payments and be incarcerated. Therefore, the trial court's Order was impermissibly punitive. *See id.*; *Bethea*, 70 N.C. App. at 570-71, 320 S.E.2d at 693 ("By ordering the defendant jailed for thirty days and by failing to state what action she could take to secure her release, the trial court wrongfully applied a criminal contempt punishment in a civil contempt proceeding."). Consequently, the trial court erred in entering its purge conditions.

## Conclusion

Accordingly, for the foregoing reasons, we reverse the Civil Contempt Order.

REVERSED.

Judges ARROWOOD and FLOOD concur.

Report per Rule 30(e).